## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE DISTILLING COMPANY, INC., a Washington corporation<br>3207 57th Street Ct., NW<br>Gig Harbor, Washington  98335,<br><br>           Plaintiff,<br><br>      v.<br><br>SCOTTS DC LLC, a District of Columbia limited liability company trading as<br>THE CASK CLUB<br>22443 Creighton Farm Drive<br>Leesburg, Virginia  20175,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Heritage Distilling Company, Inc. ("HDC"), for its Verified Complaint against Defendant Scotts DC LLC, trading as "The Cask Club," hereby states and alleges the following:

### NATURE OF THE CASE

1.      This is a trademark infringement case involving Defendant's infringement of HDC's federally registered trademark CASK CLUB for spirits distillery services and alcoholic beverages.  HDC clearly has prior and superior rights to the CASK CLUB mark which it uses on a nationwide basis in connection with its distilled spirits sales, tastings, boutique style retail shopping, and related product and service offerings.  Defendant has registered the trade name THE CASK CLUB and is preparing to open a restaurant in the Penn Quarter of the District of Columbia which already has been advertised and promoted as Scotts Restaurant, Bar and Cask Club.  Despite repeated demands, Defendant has refused to halt its effort to capitalize on the superior brand identity of HDC and to pass off its distilled spirit services in a manner that makes

confusion highly likely, if not inevitable. Defendant's determination to use THE CASK CLUB in connection with the very same types of products and services offered by HDC is likely to deceive consumers into believing that Defendant's products and service come from the same source as those of HDC, when they do not. Defendant's deceptive and infringing conduct also threatens to deprive HDC of its right to control the reputation of products and services that bear its mark and hence threatens the valuable goodwill that HDC has developed in its CASK CLUB marks. HDC therefore seeks preliminary and permanent injunctive relief to halt Defendant's infringing activity, passing off and theft of brand identity, and the consequent brand dilution, lost revenue, and other injuries these practices threaten to impose upon HDC.

## PARTIES

2.   Plaintiff HDC is a nationally recognized, award-winning craft distillery that has been distilling liquor and spirits since 2012. For the past five years, HDC has been the most awarded craft distillery in North America by the American Distilling Institute and is among the top premier craft distilleries in the United States. In addition to operating one of the largest craft distilleries on the West Coast and the largest independently owned craft distillery in Washington state, HDC distributes its products to customers on a nationwide basis, including to customers in the District of Columbia, Maryland, and Virginia region (the "Washington Metropolitan Area"), with plans to continually expand its reach. HDC is incorporated under the laws of the State of Washington with its principal place of business in Gig Harbor, Washington.

3.   Upon information and belief, Defendant Scotts DC LLC is a limited liability company organized and existing under the laws of the District of Columbia, with its principal offices located at 22443 Creighton Farm Drive, Leesburg, Virginia, 20175.

## JURISDICTION AND VENUE

4. This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). Because HDC and Scotts DC LLC are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs, this Court also has diversity jurisdiction under 28 U.S.C. § 1332.

5. Defendant is subject to this Court's personal jurisdiction because it has registered to conduct business and has arranged to transact business within this District, and it has committed the complained of acts specified herein within this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District and because the Court has personal jurisdiction over Defendant in this District.

## FACTS & ALLEGATIONS

A. **HDC's History and Trademark Recognition**

7. HDC's nationally recognized, award-winning craft distillery has been in continuous operation since 2012. HDC's products are sold and distributed across the United States, including to the District of Columbia specifically and the Washington Metropolitan Area more generally.

8. In connection with its craft distillery business, HDC owns and uses many federal trademark registrations, including the family of CASK CLUB marks set forth in the table below. Copies of the certificates of registration for each of HDC's CASK CLUB marks are attached

hereto as Exhibit A.

| Mark | Registration No. and Date | Goods and Services |
|---|---|---|
| CASK CLUB | 4,620,144<br><br>October 14, 2014 | Distilled Spirits[1] |
| CASK CLUB | 4,577,880<br><br>July 29, 2014 | Spirits distillery services |
| *Cask Club* | 5,511,320<br><br>July 10, 2018 | Distilled spirits; liquor |

9.     HDC has been using the CASK CLUB mark in U.S. commerce in association with distilled spirits and its spirits distillery service since at least as early as 2012. Based on its long-standing, continuous, and widespread use and promotion of the CASK CLUB trademark, HDC has developed substantial goodwill in the brand. Thus, consumers recognize CASK CLUB as an indicator of the source of HDC distilled spirit products and services.

10.     HDC's CASK CLUB mark is displayed on its website at https://heritagedistilling.com/products/cask-club where consumers can sign up to become CASK CLUB members. HDC CASK CLUB members own an individual 10 liter private oak barrel of distilled spirits bearing their name and the CASK CLUB mark, and they can purchase aged spirits bottled from that barrel with a label that prominently features the CASK CLUB mark. Plaintiff's CASK CLUB has members in states across the country, including in the Washington Metropolitan Area.

11.     HDC expends significant time, energy, and resources, marketing, advertising, and promoting its products and services under its various trademarks, including its CASK CLUB

---

[1] A Section 7 request to amend the description of goods to eliminate duplication was filed September 13, 2018, and is pending.

marks. HDC sponsors many local and nationally known sports teams, such as the Seattle Mariners, Seattle Seahawks and Portland Trailblazers, thereby increasing the national visibility of HDC's brand.

12. Since at least October 2017, HDC's founder and CEO has further associated the CASK CLUB mark with HDC's products by co-hosting a radio program and podcast under the CASK CLUB RADIO brand, which discusses a variety of topics in culture, arts, sports, and entertainment, all with an eye towards responsible enjoyment of spirits, cocktails, beer and wine. HDC has applications pending before the U.S. Trademark Office for registration of the marks CASK CLUB RADIO (Application Serial No. 87/635,625, filed October 5, 2017) and CASK CLUB RADIO BROUGHT TO YOU BY HERITAGE DISTILLING COMPANY (Application Serial No. 87/651,861, filed October 19, 2017).

13. On an annual basis, HDC generates substantial revenue from products and services offered under its CASK CLUB family of marks.

**B.    Defendant's Infringing Activity**

14. Defendant was organized in the District of Columbia on or about April 10, 2017, as a limited liability company.

15. On information and belief, Defendant registered the domain name "scottsrestaurants.com" on or about February 1, 2018, and operates a website at that domain. The website includes a jump page which advertises "**The Cask**, a private members club" and features what appears to be a glass of distilled spirits, and it promotes the club as a place that "showcases fine malt whiskeys and finest cask bourbons, brandies, rums, and tequilas, many from the Scotch Malt Whisky Society[.]" *See* Exhibit B, https://www.scottsrestaurants.com/index.php/cask/ (last accessed September 15, 2018). According to its website, Defendant intends to open a restaurant

concept in Washington, D.C. in October 2018 under the Scotts name, to be "followed by openings in New York, Miami, Boston, Houston, Dallas, Chicago, Denver, Seattle, San Francisco and Los Angeles." *See* Exhibit C, https://www.scottsrestaurants.com/index.php/updates/ (last accessed September 15, 2018). These locations also are listed under a "Locations" hyperlink, advertised as "Future Locations." *See* Exhibit D, https://www.scottsrestaurants.com/index.php/contact/ (last accessed September 15, 2018).

16. On February 23, 2018, Defendant registered the trade name "The Cask Club" with the District of Columbia Department of Consumer and Regulatory Affairs (DCRA). The registration information available on DCRA's website shows the following:

![DCRA Trade Name Listing screenshot: Scotts DC LLC - Initial File Number: L00005675949. Trade Name: The Cask Club; Registration Date: 2/23/2018; Trade Name Status: Active; Trade Name Expiration Date: 2/23/2020.]

17. On May 4, 2018, Defendant filed two U.S. federal trademark applications seeking registration of the mark SCOTTS CASK CLUB and the logo shown below, both based on an intent-to-use the marks with the following services: "Bar services; Bar services featuring scotch and whiskey; Bar and cocktail lounge services; Cocktail lounge services; Cocktail lounges; Providing of food and drink; Serving food and drinks."



18. On its website, Defendant asserts that it will offer a private members club featuring various distilled spirits, including whiskey, bourbon, brandy, rum, and tequila. Defendant has advertised and promoted this concept under the brands "Cask Club," "The Cask," and "The Cask, a private members club." Defendant continues to advertise its club on its website and currently offers online membership registrations for "The Cask, a private members club." *See* Exhibit B.

19. Upon information and belief, Defendant's D.C. flagship restaurant will be located in the Penn Quarter at 927 F Street, N.W. According to its founder, Defendant's private members club will be separated from the restaurant concept by an internal door and will focus on whiskey, especially rare whiskey, and it will offer members an opportunity to purchase full bottles of whiskey. *See* Exhibit E,

https://www.bizjournals.com/washington/news/2018/04/16/like-scotch-for-chocolate-whiskey-focused-spot-to.html (last accessed September 17, 2018)

20. As of the filing of this Complaint, Defendant continues to use "CASK CLUB" and "THE CASK, a private club" in connection with the promotion of the upcoming members club described above.

21. Defendant has used HDC's CASK CLUB mark in various online feature publications promoting its upcoming business opening. Defendant's infringing use of Plaintiff's CASK CLUB mark have appeared on the following sites, among others: bizjournals.com

(Exhibit E), dc.eater.com (Exhibit F), dcist.com (Exhibit G), thewashingtonlobbyist.com (Exhibit H), dcoutlook.com (Exhibit I), and thelistareyouonit.com (Exhibit J).

22. Defendant's infringing use of Plaintiff's CASK CLUB mark in these publications already is creating confusion between HDC's and Defendant's products and services. Currently, the first five results returned through a google search of HDC's CASK CLUB mark relate to Defendant's products and services, which further highlights the harm Defendant's infringement is causing to HDC's brand.

23. Upon information and belief, Defendant's business plan is to spread its business "from here to New York City and Seattle and everywhere in between," which brings Defendant's business directly into HDC's core market space. *See* Exhibit F.

## CLAIM FOR RELIEF
(Trademark Infringement – 15 U.S.C. § 1114(1))

24. HDC re-alleges and incorporates by reference the allegations of numbered paragraphs 1 through 23 above as though fully set forth herein.

25. Defendant's actions as alleged herein constitute trademark infringement in violation of 15 U.S.C. § 1114.

26. HDC owns various federally registered CASK CLUB trademarks for a variety of uses relating to its products and services, including distilled spirits and spirits distillery services.

27. HDC's CASK CLUB mark is both inherently distinctive based on its suggestive nature and has acquired a secondary meaning as its nationally-recognized, longstanding, and continuous use has created an association in the minds of the consuming public between the CASK CLUB mark and HDC's products and services.

28. As a result of HDC's national presence in the distilling market, the close

similarity between the parties' marks and between the parties' respective products and services, and the actual and/or potential overlapping markets, Defendants' unauthorized, infringing use of HDC's CASK CLUB mark is likely to cause confusion or mistake or deceive consumers into believing that Defendant's products and services are associated with HDC's products and services when in fact they are not. Therefore, Defendant's use of the CASK CLUB mark and its confusingly similar variants constitutes infringement of a registered mark in violation of 15 U.S.C. §1114.

29. Despite repeated demand by HDC that Defendant halt its infringing conduct, Defendant willfully and deliberately has failed and refused to terminate its ongoing infringement.

30. As a direct and proximate result of Defendants' wrongful conduct, HDC has suffered and continues to suffer and/or is likely to suffer imminent irreparable harm to its trademark, brand, business reputation and goodwill. Unless restrained by the Court, Defendant will continue to use the infringing trademark and will cause further irreparable damage to HDC. HDC has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, employees, representatives and distributors, and all persons acting in concert with Defendant, from engaging in further acts of trademark infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff HDC prays for judgment against Defendant Scotts DC LLC as follows:

a) For preliminary and permanent injunctive relief prohibiting Defendant, its agents, employees, representatives, and all persons acting in concert or participation with Defendant, from engaging in its ongoing trademark infringement of HDC's CASK CLUB mark in violation of 15 U.S.C. § 1114;

b) For an order determining that this matter qualifies as an exceptional case under 15 U.S.C. §1117(a) and awarding HDC its costs and attorneys' fees incurred in enforcing its trademark rights; and

c) For an order granting HDC such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff HDC hereby demands a trial by jury as to all claims in this proceeding triable of right to a jury.

Dated: September 17, 2018

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON, LLP

By *[signature]*
   Steven P. Hollman  (D.C. Bar # 375658)
   James N. Bierman, Jr.  (D.C. Bar # 1018431)
   Heather Petrovich   (D.C. Bar # 1033776)

2099 Pennsylvania Avenue, NW
Washington, DC 20006-6801
(202) 747-1941 (Phone)
(202) 747-3912 (Fax)
shollman@sheppardmullin.com
jbierman@sheppardmullin.com

*Attorneys for Plaintiff*
*Heritage Distilling Company, Inc.*

## VERIFICATION

The undersigned hereby states and alleges that the facts set forth in the accompanying Verified Complaint for Trademark Infringement Under the Lanham Act are true and correct, based on information provided by employees and representatives of Heritage Distilling Company, Inc., on the books and records of Heritage Distilling Company, Inc., on publicly available information, and where applicable, on the personal knowledge of the undersigned.

I hereby verify under the penalties of perjury under the laws of the United States of America that the facts set forth herein are true and correct.

Executed this 17th day of September, 2018.

Name: Laura Baumann
Title: General Counsel